UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:
     MANUEL VOLCAN aka
     MANUEL D. VOLCAN,                    CHAPTER 7
                                                          Case No. 1-11-42029-jbr
               Debtor.
------------------------------------------------------------X

## CERTIFICATION IN SUPPORT OF MOTION TO REOPEN

Steven Hansen, being duly sworn, deposes and states under penalty of perjury as follows:

1. I am a Director of Risk Management at Western Union Financial Services, Inc., a successor in interest to Vigo Remittance Corp. by assignment on October 31, 2008, (hereinafter referred to as "Vigo"), and am fully familiar with this matter based upon my personal knowledge and a review of the books and records made, maintained and stored in the ordinary course of Western Union's business.

2. I submit this certification in support of the within motion to reopen the bankruptcy in question in order to permit the institution of an adversary proceeding against debtor Manuel Volcan, pursuant to 11 U.S.C. 523(a)(3), seeking a determination by the Court that the debt owed to Western Union was not discharged. The adversary complaint is provided herewith for filing if permitted by the Court.

3. The debtor filed for chapter 7 bankruptcy protection on March 16, 2011 and received a discharge by the Court on June 22, 2011.

4. Debtor was, prior to filing, a personal guarantor of a "Vigo Remittance Corp. Agency Agreement" (hereinafter referred to as "the Agreement") signed on October 14, 2008 at which time he also executed in his capacity as President of Gama Corp. the Agreement itself. Annexed hereto as Exhibit "A" is a copy of the Agent Agreement and as Exhibit "B" the Personal Guaranty Agreement.

5. The Agreement, at paragraph "13", clearly stated that any and all "Notices" were to be delivered to Vigo at its address **"1300 Sawgrass Corporate Parkway, Suite 110, Sunrise, Florida 33351 Attention: President, with a copy to the same address, Attention: Legal Department"**.

6. The Debtor while sole owner, shareholder, director, officer, manager and individual in control of the Gama Corp. business (and its personal guarantor) collected but failed

to remit to Vigo a total of $38,085.82 in money transfer cash proceeds received by the store over the period of July 20, 2009 through August 20, 2009. Annexed hereto as Exhibit "C" is an accounting of the loss.

7. When the Debtor filed for bankruptcy protection he failed to list Vigo as a creditor.

8. A review of the creditor's matrix filed with the Court clearly shows that Vigo is not listed as a creditor nor was delivery of the bankruptcy notices served upon Vigo in the "care of" another entity or individual. Annexed hereto as Exhibit "D" is a copy of the "Notice Recipients" document on file with the Bankruptcy Court.

9. Recently, and well after the bar date set by the Court, during an audit of this collection file, it was determined by Vigo that the debtor had filed for bankruptcy protection.

10. Vigo nor Western Union had received any prior notice of the bankruptcy filing in time to object to discharge under 11 U.S.C. 523(a)(2)(A); 523(a)(4); 523(a)(6) or section 727 and was deprived of an opportunity to take testimony of the debtor at the 341 meeting of creditors of a 2004 hearing.

11. Based upon the foregoing, it is respectfully requested that the Court reopen this bankruptcy matter and accept for filing the attached adversary complaint pursuant to 11 U.S.C. 523(a)(3) seeking a determination that the debt owed to Vigo was not discharged.

I hereby certify under penalty of perjury that the foregoing statements by me are true to the best of my knowledge and I understand that if any of the statements made by me are deemed willfully false, I may be subject to punishment.

Dated: December 15, 2011

_____
Steven Hansen