UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IN RE:

        MANUEL VOLCAN aka
        MANUEL D. VOLCAN,           CHAPTER 7
                                       Case No. 1-11-42029-jbr

                  Debtor.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT FOR MOTION TO REOPEN CLOSED BANKRUPTCY CASE**

**ON BEHALF OF CREDITOR WESTERN UNION FINANCIAL SERVICES, INC.**

**Statement of Facts:**

      Debtor Manuel Volcan aka Manuel D. Volcan filed for bankruptcy protection under chapter 7 on March 17, 2011in the Eastern District of New York.  On June 22, 2011 the debtor received a discharge from the Bankruptcy Court and the case was closed.  Debtor did not list either Western Union Financial Services, Inc. nor Vigo Remittance Corp. as a creditor in its bankruptcy matrix and, as such, neither of those entities received notice of the bankruptcy filing.

**Point I.  Western Union Financial Services, Inc. as successor to Vigo Remittance Corp. was a Known Creditor of the Debtor.**

      The Debtor was aware of the existence of Vigo/Western Union as a creditor.  The Debtor personally executed a contract with Vigo and signed a personal guaranty with Vigo.  Further, the Debtor was sued in State court by Western Union for the debt owed to it as a successor to Vigo. It has been well held that a "Known creditor" is entitled, under due process, to actual written notice in a bankruptcy case.  See, U.S.C. A. Const. Amend. 14.  See, also, Wright v. Owens Corning, 450 B.R. 541 (W.D. PA. 2011).  Moreover, "A known creditor is 'one whose identity is either known or reasonably ascertainable by the debtor."  Charter Crude Oil v. Petroleos Mexicanos, 125 B.R. 650, 654 (Bankr. M.D. Fla. 1991).

      Here, the debtor was aware of his business dealings with the movant yet intentionally, or negligently, failed to list it as a creditor for notice purposes.  "A creditor's identity is 'reasonably ascertainable' if that creditor can be identified through reasonably diligent efforts".  Mennonite Bd. Of Missions  v. Adams, 462 U.S. 791, 798 n. 4 (1983); In re Sudano, 391 B.R. 678 (Bkrtcy

E.D.N.Y. 2008). Here, all debtor needed to do was review the Agency Agreement he executed or any other documents from the two year business relationship with the movant to determine a proper address and then to accurately list the movant by name. The debtor failed to do either. See, In re Sudano, Id. at page 688 where the Court held: **"The requisite search focuses on a debtor's books and records and, in general, efforts beyond a careful examination of these documents are not required."**

### Point II.  Absent Actual Notice to a Known Creditor the Debt Should be Deemed Non-dischargeable Pursuant to 11 U.S.C. Section 523(a)(3)

The Bankruptcy Code, at section 523(a)(3) states:

> A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b)
> of this title does not discharge an individual debtor from any
> debt –...

> (3) neither listed nor scheduled under section 521(1) of this title, with
> the name, if known, to the debtor, of the creditor to whom such debt
> is owed, in time to permit-...

It is without contest that the movant here was neither "listed nor scheduled" by "name" as required by the law. This Court has determined that "all known creditors must be given actual notice of the bar date." See, In re Victory Memorial Hospital, 435 B.R. 1, 5 (Bkrtcy E.D.N.Y. 2010). Also, the Bankruptcy Court for the Southern District of New York has permitted the prosecution of late filed adversary proceedings even where a creditor was listed in the bankruptcy petition but notice was served at an improper address. See, In re Najjar, 2007 WL 1395399(Bkrtcy S.D.N.Y. 2007).

In Najjar the Court stated the rule regarding permitting a late filed adversary proceeding as follows:

> **The purpose behind this exception is to ensure that a creditor
> is afforded an opportunity to be heard. In re Medaglia, 52 F.3d.
> 451, 455 (2d Cir 1995). The fundamental requisite of due process
> of law is the opportunity to be heard. Id. at 455.(citing Mullane v.
> Central Hanover Bank & Trust Co. 339 U.S. 306, 314 (1950). The
> means to that end is 'notice reasonably calculated, under all the
> circumstances, to apprise interested parties of the pendency of the
> action and afford them an opportunity to present their objections.**

Section 523(a) references section 521 of the Bankruptcy Code. Section 521 of the Bankruptcy Code and Fed. R. Bankr. P. 1007 both require that a debtor list creditors "names and addresses". See, In re Najjar, 2007 WL 1395399 (Bkrtcy S.D.N.Y. 2007).

Here, it is without dispute, the movant was not named at all and, as such, this bankruptcy case should be reopened to allow Western Union to file an adversary complaint under Bankruptcy section 523(a)(3). "This obligation to list all creditors' names and addresses is part of the debtor's duty of full disclosure that is the quid pro quo for the fresh start provided by the discharge." See, In re Hicks, 184 B.R. 954, 957 (Bkrtcy C.D.Cal. 1995). "If a creditor is not given reasonable notice of the bankruptcy case and the relevant bar dates, its claim cannot be constitutionally discharged." See, In re O'Shaughnessy, 252 B.R. 722, 729(BkrtcyN.D.Ill. 2000). Finally, the Second Circuit has held in this regard, in In re Massa, 187 F.3d. 292, 297(2nd Cir. 1999), that this is particularly true in chapter 7 cases where "the issue of discharge turns upon notice/knowledge and not the scheduling of the debt."

## Point III.  The Bankruptcy Case Should be Reopened.

The Bankruptcy Code provides authority to reopen the subject case to allow the filing of an adversary complaint by Western Union/Vigo. Section 350 of the Code states:

> **(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause.**

Bankruptcy Rule 5010 reads:

> **A case may be reopened on motion of the debtor or other party in interest pursuant to 350(b) of the Code.  In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.**

Western Union/Vigo as a known creditor of the debtor has standing to make the subject motion to reopen.  Moreover, where the creditor has not been provided due process its time to object to dischargeability cannot be time-barred under Bankruptcy Rule 4007(c).  See, In re

Sedlacek, 325 B.R. 202, 212 (Bkrtcy.E.D.Tenn. 2005) citing to Chanute Prod. Credit v. Schike, 290 B.R. 792, 800 (10th Cir. BAP 2003).

**Point IV.  Conclusion.**

       Based upon the foregoing, it is respectfully requested that the Court enter an Order granting the movants application to reopen this closed bankruptcy and permit the filing of the adversary proceeding complaint accompanying these papers.

Dated: January 4, 2012

                    Respectfully Submitted,

                    Law Offices of David J. Finkler, P.C.
                    266 Harristown Road, Suite 203
                    Glen Rock, N.J. 07470
                    (201) 689-0001
                    Attorneys for Western Union Financial Services, Inc.
                    as successor in interest to Vigo Remittance, Inc.

            By:_____
                    David J. Finkler, Esq. (df9320)