UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IN RE:
    MANUEL VOLCAN aka
    MANUEL D. VOLCAN,                    CHAPTER 7
                                                          Case No. 1-11-42029-jbr
                Debtor.
----------------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT FOR MOTION TO REOPEN CLOSED BANKRUPTCY CASE ON BEHALF OF CREDITOR WESTERN UNION FINANCIAL SERVICES, INC.**

**Statement of Facts:**

        Debtor Manuel Volcan aka Manuel D. Volcan filed for bankruptcy protection under chapter 7 on March 17, 2011 in the Eastern District of New York. On June 22, 2011 the debtor received a discharge from the Bankruptcy Court and the case was closed. Debtor did not list either Western Union Financial Services, Inc. nor Vigo Remittance Corp. as a creditor in its bankruptcy matrix and, as such, neither of those entities received notice of the bankruptcy filing.

**Point I. The Debtor's Failure to List Any Identification in the Mailing Matrix Regarding the True Creditor Western Union Financial Services, Inc. as successor to Vigo Remittance Corp., Was A Fatal Defect That Defeated Notice to Western Union and Warrants Granting of the Creditor's Motion.**

        In the matter of Najjar, 2007 WL 1395399 (Bkrtcy. S.D.N.Y.), Judge Gonzalez, had occasion to consider a scenario which is quite applicable to the one before this very Court. In Najjar, the Debtor retained counsel to bring suit for damages sounding in fraud. A judgment was obtained in July of 1999 against the Debtor. In 2006 the Debtor filed for bankruptcy protection under chapter 7 and in Schedule F listed the Plaintiff's attorneys as follows:

        **"Greenberg Traurig, Esqs., 200 Park Avenue, New York, N.Y. 10166"**

        The Bankruptcy Court, considered this method of noticing the debtor and ruled the same defective as not in compliance with the spirit and purpose of the bankruptcy code. The Court held that although "Notice served on a party's counsel generally satisfies any requirement to give notice to that party" (Id. at p. 4), the same is true only so long as there is a "nexus sufficient to support imputing notice to the Plaintiff". (Id. at p. 4).

One form of notice that the Court held is imputed to the Plaintiff is where the non-bankruptcy counsel "participated in the bankruptcy case". This is clearly not a fact applicable to the case at bar.

Another factual scenario where notice was imputed was "where an attorney did not participate in the bankruptcy case but whose activity on behalf of the creditor in a nonbankruptcy proceeding was **significant and ongoing** at the time of the bankruptcy." (emphasis added) (Id. at p. 4). Here that form of notice is not present at all as all the Maidenbaum firm did was send two collections letters, approximately 8 months pre-petition, one to the debtor's business and the other to the debtor, which was returned by the post office as undeliverable. Therefore, the Debtor cannot show either a "significant" nor "ongoing" representation at the time of the bankruptcy filing in 2011.

The Najjar decision recognized the finding of the Third Circuit in the case of Maldonado v. Ramirez, 757 F2d. 48, 51 (3rd. Cir. 1985) where that Court held:

> ...An attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against a bankrupt. Additionally, the mere fact that an attorney represented a creditor in a nonbankruptcy proceeding was insufficient for purpose of imputing notice. (Id. at p. 4)

The Southern District Bankruptcy Court went on to hold that where a debtor prepares a mailing matrix that does not identify the name of the attorney's client (the true creditor) such notice is defective. The Court held in this regard at page 5:

> Notice to an attorney was also found insufficient to impute notice to a creditor where the notice did not reference the client at hand or the specific attorney involved. See, Maldonado, 757 F2d. at 51 ("Notice sent to an authorized attorney or agent must at least signify the client for whom it is intended so that the attorney can know whom to advise to assert a claim in bankruptcy.) In re Greater Southeast Comm. Hosp. Corp. 324 B.R. 162 (Bankr. D.C. 2005) (notice was insufficient where it was not addressed to a particular attorney or to any client care of the creditor's law firm.)

Here it is without contest that the Debtor failed to identify Western Union or Vigo in the mailing matrix thus inhibiting the ability of the Maidenbaum firm to know which client the

notice referenced. Moreover, and as significant, the mailing matrix did not duplicate any of the relevant information contained in Schedule F, including the client number assigned by Maidenbaum to Western Union/Vigo. These failures were significant defects in the required "notice" and violative of the Eastern District Bankruptcy Court Local Rule 1007-3 and Form USBC 44 requiring that Schedule F and the mailing matrix be "consistent".

**Conclusion:**   Based upon the foregoing, it is undisputable that the proper and timely notice due any creditor was not provided to Western Union. The lack of such notice constitutes grounds for a ruling under 11 U.S.C. 523(a)(3) that the debt owed to Western Union was not discharged. As such, Western Union should be permitted to file an adversary proceeding in the reopened bankruptcy case to assert non-dischargeability under 523(a)(3).

Dated: February 10, 2012

                                    Respectfully Submitted,

                                    Law Offices of David J. Finkler, P.C.
                                    266 Harristown Road, Suite 203
                                    Glen Rock, N.J. 07470
                                    (201) 689-0001
                                    Attorneys for Western Union Financial Services, Inc.
                                    as successor in interest to Vigo Remittance, Inc.


                                    By:_____
                                       David J. Finkler, Esq. (df9320)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:

    MANUEL VOLCAN aka
    MANUEL D. VOLCAN,                      CHAPTER 7
                                                Case No. 1-11-42029-jbr

              Debtor.
------------------------------------------------------------X

**SUPPLEMENTAL CERTIFICATION IN SUPPORT FOR THE
MOTION TO REOPEN CLOSED BANKRUPTCY CASE ON
BEHALF OF CREDITOR WESTERN UNION FINANCIAL SERVICES, INC.**

Jorge Fernandez, being duly sworn, deposes and states under penalty of perjury as follows:

1. I am Risk Director employed by creditor Western Union Financial Services, Inc., a successor in interest to Vigo Remittance Corp., (hereinafter "Western Union") and as such am personally familiar with the matter before this Court based upon my review of the records possessed by my employer.

2. I submit this Certification to Supplement the Record before the Court as authorized by Judge Rosenthal in Court on February 6, 2012.

3. At the time of the filing of the subject bankruptcy by the debtor (March 16, 2011) there was no legal action pending by Western Union against the Debtor.

4. The only legal work that had been done by the Maidenbaum firm for Western Union to that date was to send letters to the Debtor and the Debtor's former business Gama Corp. in July of 2010.

5. As the Gama Corp. was out of business at that time and the mail sent to the Debtor was returned by the post office as undeliverable, no further action was taken by the Maidenbaum firm against the Debtor and/or his company.

6. Therefore, when the bankruptcy petition was filed almost 8 months later there was no active collection going on by the Maidenbaum firm against the Debtor and none had been proceeding since some time in July of 2010.

I certify that the foregoing statements by me are true to the best of my knowledge and understand that if any statements by me are deemed willfully false, I may be subject to punishment.

I certify that the foregoing statements by me are true to the best of my knowledge and understand that if any statements by me are deemed willfully false, I may be subject to punishment.

Dated: February 7, 2012

_____
Jorge Fernandez

## CERTIFICATION OF SERVICE

On the 10th day of February, 2012, I placed a copy of the within Supplemental Certification and Supplemental memorandum of law into the care and control of the US Postal Service, first class delivery, addressed to the parties listed below at the addresses listed. I have also filed these papers electronically.

I certify under penalty of perjury that the foregoing statements made by me are true to the best of my knowledge and understand that if any of the statements are deemed intentionally false, I may be subject to punishment.

    Manuel Volcan
    143-09 85 Drive
    Briarwood, N.Y. 11435
    Debtor

    Manuel Gomez, Esq.
    225 Broadway, Suite 1010
    New York, N.Y. 10007
    Attorney for Debtor

    David Doyaga, Esq.
    Chapter 7 Trustee (Discharged)
    26 Court Street, Suite 1002
    Brooklyn, N.Y. 11242

Dated: February 10, 2012

    _____
    Veronica Guevara