UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

        Manuel Volcan
        a/k/a Manuel D. Volcan,

                            Debtor.
------------------------------------------------------------X

Case No. 11-42029-jbr

Chapter 7

## **MEMORANDUM DECISION AND ORDER**

On June 22, 2011, Manuel Volcan ("Debtor") received a discharge (Docket #12) and this case was closed. On January 6, 2012, Western Union Financial Services, Inc., as successor in interest to Vigo Remittance Corp. ("Creditor") filed a motion ("Motion") to reopen the bankruptcy case in order to commence an adversary proceeding against Debtor pursuant to 11 U.S.C. § 523(a)(3) (Docket #14, 15). Debtor opposed both the Motion and the Creditor's later filed affirmation in support (Docket # 16-18). At the February 6, 2012, hearing on the Motion (the "Hearing"), the Court took the matter under advisement and invited both parties to file additional memoranda within one week. The parties each filed a timely response (Docket #19, 20).

### Issue

Creditor argues it never received notice of Debtor's bankruptcy, and therefore, the case should be reopened. Debtor concedes Creditor was not expressly listed on Debtor's mailing matrix, but argues that Creditor received sufficient notice because Creditor's attorney Maidenbaum & Associates, PLLC ("Maidenbaum"), the firm handling Creditor's collection action against Debtor, was listed on the mailing matrix and served with notice of the bankruptcy. When listing Maidenbaum on the mailing matrix, Debtor failed to reference Creditor or list any other information to identify which client of Maidenbaum should receive the notice. A review of

Debtor's Schedule F, however, lists Maidenbaum and also includes the description: "Collectors for a Judgment Re: Western Union Financial vs. Gama Corp. File No. 132711" (Docket #1).

This Court must determine whether providing notice of a bankruptcy to a creditor's non-bankruptcy attorney without identifying the creditor sufficiently notifies a creditor of a debtor's bankruptcy. For the reasons set forth below, the Court finds Debtor did not give Creditor sufficient notice of his bankruptcy, and grants Creditor's Motion to reopen the case.

## Analysis

This Court agrees with the reasoning of Judge Gonzalez in *Lefkowitz v. Najjar* (*In re Najjar*), No. 06-01955-ajg, 2007 WL 1395399 (Bankr. S.D.N.Y. 2007). In that case, a creditor sued a debtor in state court, which later granted a money judgment in favor of the creditor. The debtor then filed for bankruptcy and provided notice to the creditor at an old address, as well as to the law firm that represented the creditor in the state court action. Four months after the deadline to object to discharge—and one month after the debtor received a discharge—the creditor filed a complaint seeking relief pursuant to Sections 523(a)(2) and 523(a)(6) of the Bankruptcy Code.

One issue before the bankruptcy court was whether notice to the creditor's law firm was sufficient, thereby requiring dismissal of the untimely filed complaint. The test applied by the court was whether the facts presented "provide a nexus sufficient to support imputing notice [on creditor's non-bankruptcy attorney] to the [creditor]." *In re Najjar*, 2007 WL 1395399 at *4. A sufficient nexus exists when the attorney has participated in the bankruptcy case, or when the attorney's representation on behalf of a creditor was significant and ongoing at the time of the bankruptcy. *Id*. On the other hand, "notice to an attorney was . . . found insufficient to impute

notice to a creditor where the notice did not reference the client at hand or the specific attorney involved." *Id*. at *5.

Here, Maidenbaum did not participate in the bankruptcy case, and the facts do not indicate that Maidenbaum's activity on behalf of Creditor was significant and ongoing at the time of the bankruptcy. The only evidence submitted by Debtor was a letter from Maidenbaum to Debtor, dated July 13, 2010, stating legal action may be commenced on behalf of Creditor if the amount owed Creditor is not paid (Docket #16, Exh. A). Although Debtor filed bankruptcy just eight months later, Debtor presented no evidence to suggest Maidenbaum's activity on behalf of Creditor was significant and ongoing at the time of the bankruptcy. Furthermore, as previously noted, the notice to Maidenbaum did not reference the Creditor. As a firm handling collections, Maidenbaum likely has clients with many potential debtors. The Court finds that these facts, without more, do not demonstrate a nexus sufficient to impute notice to the Creditor.

## Conclusion

For these reasons, the Court finds Creditor was not sufficiently notified of Debtor's bankruptcy. Creditor's Motion to Reopen (Docket # 14) is GRANTED to allow Creditor to pursue its rights against Debtor.

SO ORDERED.



Dated: February 16, 2012  
Brooklyn, New York

Joel B. Rosenthal  
United States Bankruptcy Judge